## JOSEPH HALL, Judge of Probate &c. *versus* JOHN HANCOCK.

The distinction between a woman being *pregnant,* and being *quick with child,* is applicable, mainly if not exclusively, to criminal cases, and does not apply to cases of descents, devises, and other gifts.

In general, a child is to be considered as *in being* from the time of its conception, where it will be for the benefit of such child to be so considered.

The time of conception of a child is presumed to be at a period nine months previous to its birth, and where there is no evidence to rebut this presumption, it is conclusive.

Where a testator bequeathed the residue of his personal estate to such of his grandchildren as should be *living at his decease,* in equal portions, it was *held,* that a grandchild born within nine months after the testator's death, was entitled to a share of such residue.

THIS was debt upon a probate bond, brought for the benefit of Charles L. Hancock, against the defendant, as executor of the will of James Scott.

The defendant pleaded general performance.

The replication of the plaintiff alleged, that the will contained the following residuary bequest : — " All the rest and residue of my estate I give and bequeath to my grandchildren, the children of my two daughters, Mary and Betsy ; that is to say, *to such of them as may be living at my decease,* in equal portions, and be their number more or less ; " that Mary Scott had no issue ; but that Betsy had issue, five children, to wit, James S., John, Thomas, George, and Charles L. Hancock ; that after the payment of debts and legacies, there remained in the hands of the defendant, as the residue of the personal estate, the sum of $32,110·57 ; that the defendant paid over the same, without any decree of distribution, to James S., John, Thomas, and George Hancock, and did not pay any portion of such residue to Charles L. Hancock

Hall,
Judge &c.
v.
Hancock.

The rejoinder denied, that Charles L. was living at the decease of the testator, and tendered an issue, which was joined.

At the trial, before *Wilde* J., it was proved, that the testator died on June 19, 1809, and that Charles L. was born on March 6, 1810.

The jury were instructed, that in the absence of evidence, that the birth was premature, the legal presumption was, that the child was *in esse* at the time of the death of the testator.

The jury rendered a verdict for the plaintiff, subject to the opinion of the Court upon the law arising out of these facts.

*March 22d.*    *Metcalf*, for the defendant, argued that the verdict was against the evidence. Charles L. Hancock was not living at the time of the decease of the testator. A child is not living, the mother is not quick, until the 16th or 18th week after conception. Hutchinson on Infanticide, 8 ; 1 Paris & Fonbl. Med. Jurispr. 239 ; *Rex* v. *Phillips*, 3 Campb. 77. It is not a punishable offence at common law, to procure, or to attempt to procure, an abortion, unless the mother is quick *Commonwealth* v. *Bangs*, 9 Mass. R. 387. The precedent in 3 Chit. Crim. Law, 798, contains the words " *big* and pregnant," which are equivalent to an allegation, that the woman was quick ; and the distinction between *grossement enseint* and *priviment enseint*, continually recurs in the books which treat of this subject. A woman convicted of a capital offence, is not to be executed, if quick ; otherwise, if merely pregnant. 1 Hale's P. C. 368 ; 4 Bl. Comm. 395. An unborn child is not the subject of homicide ; but if from injuries inflicted before birth, the child dies after birth, it is homicide. Gouldsb. 176 ; 3 Inst. 50 ; 1 Hawk. P. C. (Curwood's ed.) c. 31, § 16 ; *Rex* v. *Enoch*, 5 Carr. & Payne, 539. This can be only, where the mother is quick when the injury is inflicted.

The Digest makes a distinction between a child *en ventre sa mere in esse*, at the father's death, and only conceived. Dig. *lib.* 38, *tit.* 8. And this distinction is recognised in *Hyde* v. *Seymour*, 2 Freem. 42. In *Gibson* v. *Gibson*, 2 Freem. 223, the court said, that " it appeared that the mother

was quick, at the death of the father." So, in *Millar* v. *Turner*, 1 Ves. sen. 86, Lord *Hardwicke* said, of a child *en ventre sa mere*, that "the destruction of him is murder;" which can be only where the mother is quick.

The jury were not rightly instructed. Although the usual period of gestation is nine calendar months, yet there is *very commonly* a difference of one, two or three weeks. Co. Lit. 123 *b*, Hargr. note ; 2 Stark. Ev. 222, note (*b*); 1 Paris & Fonbl. Med. Jurispr. 244 ; 3 ibid. 211 to 222. If the legal presumption is, as the jury were instructed, that Charles L. Hancock was *in esse* at the decease of the testator, yet he clearly was *not living*; and the jury were not warranted in finding the issue for the plaintiff.

*Dexter* and *Gardiner*, for the plaintiff, cited Cruise's Dig. *tit.* 38, *Devise, c.* 20, § 56 ; *Trower* v. *Butts*, 1 Sim. & Stu. 181 ; *Doe* v. *Clarke*, 2 H. Bl. 399 ; 1 Paris & Fonbl. Med. Jurispr. 246, note (*a*); 3 ibid. 84, 209 ; Smith's Principles of Forensic Med. 490 ; *Beale* v. *Beale*, 1 P. Wms. 244 ; *Northey* v. *Strange*, ibid. 342 ; *Burdet* v. *Hopegood*, ibid. 485.

SHAW C. J. delivered the opinion of the Court. The single question is, whether Charles L. Hancock, for whose benefit this suit on a probate bond is brought, is entitled to a share with his four brothers, in a bequest of his grandfather, James Scott. The bequest was to certain grandchildren, " that is to say, to such of them as may be living at my decease, in equal portions, be their number more or less." The claimant being born within nine months after the death of the testator, the question is, whether he was then *living*, within the meaning of the law, so as to be entitled to a share.

In the first place, we think the jury were rightly instructed, that a child is to be considered *in esse* at a period commencing nine months previously to its birth, and where there is not evidence to rebut the presumption, it is conclusive. We are also of opinion, that the distinction between a woman being pregnant, and being quick with child, is applicable mainly if not exclusively to criminal cases ; and that it does not apply to cases of descents, devises and other gifts ; and that, generally, a child will be considered in being, from con-

22 *

*Hall, Judge &c. v. Hancock.*

*March 31st.*

Hall,
Judge &c.
v.
Hancock.

ception to the time of its birth, in all cases where it will be for the benefit of such child to be so considered.

In a recent case it was held, that where a gift was to children *born* &c., a child *en ventre sa mere* should take a share. Among other considerations it was suggested, that a child *en ventre sa mere*, even in the early stages of pregnancy, should be deemed living, because the potential existence of such child places it within the reason and motive of the gift. And the maxim of the civil law was cited, *posthumus pro nato habetur.* *Trower* v. *Butts,* 1 Sim. & Stu. 181. Whether the Court would feel justified in going to this extent, when the gift is to children *born* &c., it is not now necessary to decide ; but the Court are of opinion, that a child *en ventre sa mere* is to be considered a child living, so as to take a beneficial interest in a bequest, where the description is " children living."

A child *en ventre sa mere* is taken to be a person in being, for many purposes. He may take by descent ; by devise, *Long* v. *Blackall,* 7 T. R. 100 ; or under the statute of distributions, *Wallis* v. *Hodson,* 2 Atk. 117 ; *Thellusson* v. *Woodford,* 4 Ves. 322 ; *Doe* v. *Lancashire,* 5 T. R. 49 and generally for all purposes where it is for his benefit.

Lord *Hardwicke* says, in *Wallis* v. *Hodson,* the principal reason I go upon is, that a child *en ventre sa mere* is a person *in rerum naturâ,* so that, both by the rules of the civil and common law, he is to all intents and purposes a child, as much as if born in the father's lifetime. And *Buller* J., in delivering his opinion, in *Thellusson* v. *Woodford,* 4 Ves. 324, after citing various cases, says, the effect is, that there is no difference between a child actually born and a child *en ventre sa mere.*

The case of *Doe* v. *Clarke,* 2 H. Bl. 399, is directly in point. The devise was by the testator to his brother for life, and from his decease, to all and every such child or children as should be living at the time of his decease. The brother died in October 1782, and the plaintiff was born in May 1783, and it was held that she was entitled to a share as a child living. And it was stated as a fixed principle, that wherever such consideration would be for his benefit, a child *en ventre sa mere* shall be considered as absolutely born.

· The Court are all of opinion, that Charles L. Hancock, for whose benefit the suit was brought, was entitled to a share, and that the plaintiff is entitled to judgment.